# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO ASSOCIATION OF REALTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDICOR, INC.; NORTH SAN DIEGO COUNTY ASSOCIATION OF REALTORS; and PACIFIC SOUTHWEST ASSOCIATION OF REALTORS, <br><br> Defendants. | Case No.: 16CV96-MMA (KSC) <br><br> **NOTICE AND ORDER PROVIDING TENTATIVE RULINGS** <br><br> [Doc. No. 40] |

Plaintiff has filed a Second Amended Complaint (SAC) in this action. Doc. No. 39. Defendants North San Diego County Association of Realtors and Pacific Southwest Association of Realtors move to dismiss Plaintiff's claims under the Sherman Act, 15 U.S.C. § 1, and the California Cartwright Act, Business & Professions Code §§ 16600 *et seq.*, pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 40. The motion is set for hearing on Monday, August 22, 2016 at 2:30 p.m. in Courtroom 3A. Having considered the submissions of the parties, and in anticipation of Monday's hearing, the Court issues the following tentative rulings.

The Court tentatively **GRANTS** Defendant North San Diego County Association of Realtors's and Defendant Pacific Southwest Association of Realtors's motion to dismiss on the grounds that Plaintiff has not alleged a conspiracy, combination, or

agreement in accordance with the pleading standards delineated in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007). *Twombly* requires a plaintiff plead more than "parallel conduct and a bare assertion of conspiracy" to allege a plausible claim under section 1 of the Sherman Act. *Id.* at 556. Allegations "must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557; *see also In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1194 (9th Cir. 2015) ("Allegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy are insufficient.") (internal quotations omitted). A plaintiff must plead "something more, some further factual enhancement, [or] a further circumstance pointing toward a meeting of the minds." *In re Musical Instruments*, 798 F.3d at 1193 (internal quotations and citations omitted). The Ninth Circuit has "distinguished permissible parallel conduct from impermissible conspiracy by looking for certain 'plus factors.'" *Id.* "[P]lus factors are economic actions and outcomes that are largely inconsistent with unilateral conduct but largely consistent with explicitly coordinated action." *Id.* The Court tentatively concludes that Plaintiff has failed to plead context suggesting an agreement between the Association Defendants to carry out their allegedly unlawful conduct or "plus factors" inconsistent with unilateral conduct. Plaintiff's descriptions of parallel conduct paired with conclusions of conspiracy are insufficient.[1] *See Twombly*, 550 U.S. at 564 ("Although in form a few stray statements speak directly of agreement, on fair reading these are merely legal conclusions resting on the prior allegations [of parallel conduct]."). Accordingly, the Court tentatively **DISMISSES** Plaintiff's antitrust claims <u>without prejudice</u> and <u>with leave to amend</u>. Plaintiff may not amend to add parties or new claims without first seeking permission from the Court.

---

[1] Because Plaintiff alleges its California Cartwright Act claim rises and falls with its Sherman Act claim, the Court tentatively **GRANTS** Defendants' motion to dismiss as to both of Plaintiff's antitrust claims.

Further, the Court tentatively **DENIES** Plaintiff's requests for judicial notice of (1) a copy of the JustKnock.com "Beta" website, and (2) a public announcement entitled "PSAR & NSDCAR Announce New Agreement That Gives More Services" posted on the Pacific Southwest Association of Realtors (PSAR) website. *See* Doc. No. 48-1. First, because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the SAC. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976). Accordingly, the Court need not take judicial notice of the JustKnock.com "Beta" website in order to accept as true Plaintiff's allegation that it "halted" development of Just Knock "at the 'beta' stage." SAC ¶ 31; *see also* Doc. No. 48, pp. 5:4–7, 8. Second, Plaintiff provides PSAR's announcement for the proposition that the Court should allow Plaintiff leave to amend its antitrust claims because the announcement constitutes new material Plaintiff can rely on in amending its pleadings. Because the Court finds leave to amend is warranted without regard to the announcement, it is unnecessary for the Court to take judicial notice of the announcement.

Also, the Court tentatively **DENIES** without prejudice Plaintiff's request to conduct limited discovery to gather evidence in support of its antitrust claims. The Supreme Court formulated the *Twombly* standard largely due to the expensive nature of antitrust discovery, noting that "[i]t is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive." *Twombly*, 550 U.S. at 558. Plaintiff does not describe the contours of its request, nor explain why it believes discovery is necessary or would be fruitful in this case. Without a showing that discovery is likely to be helpful—as opposed to a burdensome fishing expedition—the Court is unconvinced that it should grant Plaintiff's request. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'") (internal quotations and alterations omitted).

Lastly, the Court tentatively **DENIES** Defendants' request for judicial notice of Plaintiff's website, which states that it has more than 12,000 members. Defendant

requests judicial notice of the website for the proposition that "[t]he attrition of 200 members may be a normal occurrence for an entity like Plaintiff which boasts of over 12,000 members." Doc. No. 49, p. 7:19–21. Because the Court tentatively finds Plaintiff has failed to plausibly allege a conspiracy, combination, or agreement, the Court need not take judicial notice of the website for Defendants' proffered purpose.

Counsel is advised that the Court's rulings are tentative and the Court will entertain additional argument at the hearing on August 22, 2016.

**IT IS SO ORDERED.**

Dated: August 19, 2016

Hon. Michael M. Anello
United States District Judge