FILED

17 NOV 17 PM 3:59

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

LC            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO ASSOCIATION OF REALTORS, INC., <br><br> Plaintiff, <br> v. <br> SANDICOR INC., et al., <br><br> Defendants. | Case No.: 3:16-cv-00096-MMA-KSC <br><br> **ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER** <br><br> **[Doc. No. 84]** |

    Before the Court is the parties' Joint Motion Regarding Proposed Amendments to the Scheduling Order. [Doc. No. 84]. Plaintiff, San Diego Association of Realtors ("SDAR"), requests the Court amend the Scheduling Order to extend the fact discovery cut-off date by sixty (60) days in light of its pending Motion for Leave to Amend Complaint [Doc. No. 79], and not-yet-completed document productions by defendants. [Doc. No. 84, at pp. 4-6]. Defendants oppose, arguing, *inter alia*, plaintiff's request is a product of neither diligently prosecuting the case, nor adhering to the discovery deadlines identified by the Court. [*Id.* at pp. 13-17]. Defendants further argue SDAR's decision not to produce witnesses for two noticed Federal Rule of Civil Procedure 30(b)(6) depositions was in "complete disregard of [SDAR's] discovery obligations." [*Id.* at p. 17]. For the reasons

discussed below, the Court **GRANTS** plaintiff's request to continue the discovery cut-off date by sixty (60) days.

## DISCUSSION

This Court issued an Order resolving a discovery dispute between the parties on September 29, 2017. [Doc. No. 78]. In that Order, the Court granted SDAR leave to file a motion to amend the pleadings because SDAR "clarified that it began to devote resources to create Just Knock in 2014, and not 2009 as previously alleged." [*Id.* at p. 7]. Consistent with that acknowledgement, this Court wrote: "[a]ssuming the [Third Amended Complaint] is amended in accordance with plaintiff's representations, the production of responsive documents by plaintiff would be limited to entities with relevant information regarding the efforts to create Just Knock, and on a timeline consistent with efforts that allegedly began in 2014, rather than 2009." [*Id.*]. SDAR has filed such a Motion to Amend, which has not yet been fully briefed, and thus awaits a ruling from the District Court. [Doc. No. 79].

This Court understands the instant dispute to turn, primarily, on two issues: (1) the allegedly tardy document productions by defendants in response to requests for productions issued by plaintiff; and, (2) inappropriate decisions by plaintiff not to produce witnesses for two duly-noticed, Rule 30(b)(6) depositions. [Doc. No. 84]. For the reasons set forth in this Order, the Court is extending the discovery cut-off date by sixty days. While the pending Motion to Amend does not serve to stay discovery, it is, at the very least, relevant as to *how* discovery ought to proceed at this time. To the extent there is any incomplete discovery unrelated to the timeline at issue in the pending Motion to Amend, the Court expects such discovery to be completed within the sixty-day extension ordered herein.

Defendants noticed a total of five depositions of SDAR witnesses. [Doc. No. 84, at p. 7]. Three of these witnesses, according to SDAR, "are financial-services employees [ ] whose only potential relevance is through their knowledge of SDAR financials." [*Id.*]. SDAR contends, *inter alia*, in the Joint Motion that the depositions of the three financial-services employees should be put off until after the District Court rules on the pending

Motion to Amend, as the scope of relevant discovery is, as related to the pertinent time period, currently unsettled. [Doc. No. 84, at pp. 6-7]. This Court agrees. Accordingly, the parties should withhold conducting the depositions of the financial-services employees until Judge Anello rules on the pending Motion to Amend.

Any deposition that does not implicate the amended timeline must be taken within the sixty-day extension granted by this Court. This includes, but is not limited to: (1) the depositions of plaintiff's witnesses regarding topics unrelated to any pre-2014 efforts to create Just Knock; and, (2) the *non*-financial services employee depositions noticed by defendants. The sixty-day extension provides adequate time for the parties to exchange any remaining discovery, review the materials, and conduct the depositions on issues not implicated by the pending Motion to Amend.

## CONCLUSION

The Court **GRANTS** plaintiff's request for a sixty (60) day extension of the discovery cut-off date.

IT IS HEREBY ORDERED the renewed discovery cut-off date is **January 19, 2018**.

IT IS FURTHER ORDERED that a telephonic Status Conference will be held before Judge Crawford on **January 5, 2018** at **10:30 AM**. Counsel for plaintiff shall initiate the conference by calling Judge Crawford's chambers at the appointed time with all counsel on the line.

**IT IS SO ORDERED**.

Dated: November 17, 2017

Hon. Karen S. Crawford
United States Magistrate Judge