
FILED
SEP 18 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO ASSOCIATION OF REALTORS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SANDICOR, INC., *et al.*, <br><br> Defendants. | Case No.: 3:16-cv-00096-MMA-KSC <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT; AND** <br><br> **(2) DENYING AS MOOT DEFENDANTS' MOTION TO FILE TARDY REPLY BRIEF** <br><br> **[Doc. Nos. 118, 125]** |

Presently before the Court is defendants', North San Diego Association of Realtors and Pacific Southwest Association of Realtors, *Ex Parte* Motion to Enforce a Settlement Agreement [Doc. No. 118], and a related Motion seeking leave to file a slightly tardy Reply Brief. Both Motions are opposed by plaintiff, San Diego Association of Realtors. [Doc. Nos. 123, 128]. For the reasons stated in greater detail below, the Motion to Enforce the Settlement Agreement is **DENIED** and the Motion to File the Reply Brief is **DENIED AS MOOT**.

///

1

## BACKGROUND

This case is currently stayed. [Doc. No. 116]. The District Court granted the parties' Joint Motion, finding persuasive their assertion that "the stay is necessary because the settlement agreement has a transition period and the case cannot be dismissed until the transition period has ended." [*Id.*]. The parties signed and executed a Settlement Agreement on April 20, 2018, roughly one month before seeking a stay from the District Court. [Doc. No. 118-1].

Defendants filed this Motion *ex parte*, on August 31, 2018, because of an important deadline looming on September 19, 2018 in the same settlement agreement at issue. [Doc. No. 118]. The Court set an abbreviated briefing schedule [Doc. No. 121], and a motion hearing was held before Judge Crawford on September 14, 2018. Plaintiff filed its Opposition on September 10, 2018 [Doc. No. 123], and defendants filed a Reply brief on September 12, 2018 [Doc. No. 126]. Plaintiff opposes the filing of the Reply because it was not filed before the deadline provided by the Court, and allegedly introduces new evidence that was available to defendants and should have been submitted in the original Motion. [Doc. No. 128]. The hearing was attended by counsel for all parties and the Court took the matter under advisement. [Doc. No. 132].

## DISCUSSION

Defendants allege seven breaches of the Settlement Agreement and/or Transition Agreement signed by all parties on April 20, 2018. [Doc. No. 118-1]. They argue "injunctive relief would be an appropriate remedy for defaults under the Settlement Agreement" and that "the Court should . . . enjoin SDAR from any further violation of the Settlement Agreement and Related Agreements." [*Id.* at p. 21]. Plaintiff disagrees that the alleged conduct meets the stringent requirements for injunctive relief and further argues defendants cannot show they suffered "any harm or injury" from the alleged breaches. [Doc. No. 123, at p. 20].

This Court does not have jurisdiction to enforce the parties' Settlement Agreement. No party questioned this Court's jurisdiction in the briefing, or at the September 14, 2018

hearing. Yet "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Colton*, 535 U.S. 625, 630 (2002). Moreover, courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also* Fed. R. Civ. Proc. 12(h)(3).

Generally, "enforcement of [a] settlement agreement is for state courts, unless there is some independent basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). That basis exists when parties are obliged "to comply with terms of [a] settlement agreement [that] had been made part of [an] order of dismissal" pursuant to Federal Rule of Civil Procedure 41. *Id.* at 381. The Supreme Court affirmed its ruling when it later wrote that "federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal." *Buckhannon Bd. And Care Home, Inc. v. West Va. Dept. of Health and Human Res.'s*, 532 U.S. 598, 604 at n.7 (2001). Dismissal where the Court "retains jurisdiction" to enforce the settlement agreement subjects and exposes any potential breach to supplemental jurisdiction. *Id.* Namely, a court's power "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380. It is not enough that the dismissal "served as part of the consideration for the settlement agreement." *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (internal citations omitted). A district court must *explicitly* incorporate the terms of the settlement agreement and the parties' obligation to abide by it into the order of dismissal. *See Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 88 (1997) ("The [order of dismissal does] not commit the court to enforcing the settlement agreement, [and] expressly provide[s] that the settlement agreement is 'not incorporated herein.' [The *Kokkonen* exception does not apply because] the court did not commit its authority.").

The Ninth Circuit held that a *dismissal* by a district court – a dismissal clearly motivated by a settlement agreement – that permitted a plaintiff "to reinstitute" its lawsuit

if the "settlement agreements were not performed" did not confer jurisdiction to enforce the agreement. *Ortlof* at 88. The boundaries of subject matter jurisdiction could not be stretched so far.

The circumstances of the instant dispute well-exceeds the facts before the *Ortlof* Court. Here, the case was stayed to give the parties time to effectuate a complex settlement agreement. [Doc. No.116]. There is no independent basis for jurisdiction over the instant dispute. And there is no basis for this Court to vindicate its authority, or effectuate its decree, where it has neither retained jurisdiction in a dismissal, nor incorporated the terms of the settlement agreement in the dismissal order.

Consequently, this Court is without jurisdiction to enforce the Settlement Agreement and **IT IS HEREBY ORDERED** that defendants' Motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to File a Tardy Reply Brief is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 15, 2018

Hon. Karen S. Crawford
United States Magistrate Judge